IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fontel Williams, #332082,  )  | CIVIL ACTION NO. 9:11-2065-CMC-BM |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | **REPORT AND RECOMMENDATION** |
| )  | |
| A-W Robin Chavis,  Warden Willie L.  )  | |
| Eagleton, and Sgt. H. Sims,  )  | |
| )  | |
| Defendants.  )  | |
| _____)  | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 14, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 16, 2012, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition together with an affidavit on March 21, 2012.

The Defendants' motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)



**Background and Evidence**

Plaintiff alleges in his amended verified complaint[2] (Court Docket No. 20) that the Defendant Sims (a prison guard) has "consistently made violent physical threats on my life to include the causing [of] me physical harm by inciting other inmates SMU workers to put poison in my meals to cause me serious injury, actual injury and serious harm." Plaintiff alleges that he has written correspondence to both the Defendant Chavis (Associate Warden) and Eagleton (Head Warden) making them aware of Sims' actions, but that these Defendants have "failed to respond or remedy it". Plaintiff seeks both monetary damages and injunctive relief. See generally, Verified Complaint.

Plaintiff has attached to his amended Complaint a copy of a Request to Staff Member dated August 28, 2011, addressed to Warden Eagleton, in which he complains to Eagleton that he had written to him "a few months ago" about Sims, and asking that Sims be "moved away from me . . . ." The response from Eagleton (dated August 29, 2011) reads: "[Inmate] Williams, each time you write there is a different situation." Copies of additional Request to Staff Member forms have been provided dated October 16, 2011, September 11, 2011, November 10, 2011, September 4, 2011, April 30, 2011, May 5, 2011, June 27, 2011, June 5, 2011, and July 7, 2011, respectively.[3] All of these Request to Staff Member forms have a response from Eagleton, mostly indicating that Plaintiff had not provided any information to substantiate his claims or advising Plaintiff to not take things so

---

[1](...continued)
Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3]Some of these documents are attachments to Plaintiff's original Complaint.



personally. Plaintiff has also provided some affidavits from some fellow inmates, wherein these inmates attest that they have heard Sims bantering with or engaging in verbal exchanges with the Plaintiff, with Sims saying things like "you better not eat that tray because you might not live to see the next one". Inmate Bryan Seagars attests that he heard Sims make that comment on November 19, 2011; Inmate Stanley Moultrie attests that he heard Sims verbally abusing the Plaintiff on November 13, 2011; and Inmate Willie Hamlet attests that he heard Sims verbally abusing the Plaintiff on October 31, 2011. See generally, Affidavits.[4] Finally, Plaintiff has submitted a copy of a Step 1 grievance[5] (ECI-626-11) dated May 16, 2011, wherein Plaintiff complains about Sims' conduct. The disposition on that grievance shows that it was being returned unprocessed because it was a duplicate to ECI-475-11. Plaintiff has also provided a copy of his Step 1 grievance in ECI-475-11, which is dated April 6, 2011. The Defendant Eagleton responded to that grievance on April 8, 2011, stating that he had been unable to verify any misconduct by Chavis or Sims. See, Exhibits [Step 1 Grievance Forms].

In support of summary judgment in the case, the Defendants have submitted an affidavit from Christine Thompson, who attests that she is an administrative coordinator with the Inmate Grievance Branch of the Department of Corrections. Thompson attests that Plaintiff has filed

---

[4] All of these affidavits relate incidents that have allegedly occurred after the filing of the Complaint.

[5] This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step I), the inmate may then appeal the Warden's decision by filing a Step II appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

3



nine (9) grievances regarding the alleged incidents in his Complaint, copies of which are attached to her affidavit as exhibits. Thompson attests that with respect to grievance Nos. ECI-626-11, ECI 603-11, and ECI-273-11, these grievances were all returned unprocessed as either being duplicative of another grievance or because Plaintiff did not complete an appropriate informal resolution prior to filing the grievance. With respect to Grievance Nos. ECI-1762-11 and ECI-1627-11, Thompson attests that Plaintiff only filed the Step 1 forms with respect to both of those grievances, and that they are still pending at the institutional level and have therefore not been exhausted.[6] Thompson attest that with respect to Grievance Nos. ECI-1740-10 and ECI-1421-10, Plaintiff filed Step 1 forms and received responses to both of those grievances, but thereafter failed to file a Step 2 form as to either grievance and therefore has not exhausted his administrative remedies with respect to those grievances. Finally, with respect to Grievance Nos. ECI-1253-11 and ECI-475-11, Thompson attests that Plaintiff has filed a Step 2 form appealing the decisions rendered at the institutional level with respect to those grievances, but that as of the date of her affidavit (February 13, 2012) those grievances were still pending before the Inmate Grievance Board. See generally, Thompson Affidavit, with attached exhibits.[7]

As attachments to his response to the Defendants' motion, Plaintiff has resubmitted copies of some of the aforementioned Request to Staff Member forms as well as two new inmate affidavits. Inmate Curtis Mack attests in his affidavit that he heard Sergeant Sims yelling and cursing

---

[6]It is noted that ECI-1762-11 was filed December 1, 2011, while ECI-1627-11 was filed November 2, 2011, both well after the filing of this lawsuit on August 8, 2011.

[7]The Defendants have also submitted additional evidence addressing the merits of Plaintiff's claim. However, for purposes of this opinion, that additional evidence does not need to be discussed at this time.



at the Plaintiff on December 11, 2011. Inmate Jasper Jackson attests in his affidavit that he overheard Sims threaten the Plaintiff on January 18, 2012. However, Plaintiff does not address Defendants' argument with respect to exhaustion of remedies in his response to the Defendants' motion.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, the Defendants argue in their motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. The undersigned is constrained to agree. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative



remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]; see also Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted the affidavit from Christine Thompson with attached exhibits [grievance forms] showing that Plaintiff failed to exhaust his administrative remedies with respect to this claim prior to filing this lawsuit. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y.



1998)).

It is also noted that in Plaintiff's original Complaint (which is on the approved court form), in the section where Plaintiff is asked if he filed a grievance concerning his claims, Plaintiff cites to Grievance ECI-475-11, and states that he received his final agency/departmental/institutional answer or determination concerning his grievance on April 19, 2011. However, Plaintiff's own exhibit (copy of Grievance ECI-475-11) shows that that is the date Plaintiff received the diposition of his Step I grievance. That does not constitute an exhaustion of his grievance remedies. Rather, to exhaust his remedies with respect to this grievance, Plaintiff needed to appeal by filing a Step 2 grievance and receive a final disposition of that appeal. Branton, 2009 WL 1457144, at * 2; see Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. Further, even if that grievance has now been exhausted, the fact that it was not exhausted at the time Plaintiff filed this lawsuit in August 2011, entitles the Defendants to dismissal of this case. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

In sum, the evidence before the Court shows that Plaintiff either did not properly pursue and exhaust a grievance concerning the issue raised in this case prior to filing this lawsuit, or he did not even file his grievances until after the lawsuit had already commenced. Therefore, the Defendants are entitled to summary judgment on Plaintiff's claim. Hyde, 442 S.E.2d at 583 ["Where

7



an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

March 30, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

