IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Fontel Williams, #332082, | ) | C/A NO.  9:11-2065-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| A-W Robin Chavis, Warden Willie L. | ) | |
| Eagleton, and Sgt. H. Sims, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report").  On March 30, 2012, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Report and adopts it by reference in this Order.

Defendants' motion for summary judgment is **granted** and this matter is dismissed without prejudice for failure to exhaust administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir. 2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
April 25, 2012